NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-786

COMMONWEALTH

vs.

MICHAEL WAYNE JOHNSON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial in the Superior Court, the defendant was convicted of (1) assault and battery and (2) strangulation or suffocation against the victim.[1]  The defendant is white; the victim is Black.  The defendant did not initially request individual voir dire on the interracial aspect of the case. During empanelment and after five jurors had been seated, however, the defendant asked the judge to ask all subsequent jurors whether they could be impartial given the racial difference between the defendant and the victim, and the judge included such a question in his voir dire of the jurors from that point on.  The defendant did not ask that the first five seated jurors be asked the race-based voir dire question, and

---

[1] The jury acquitted the defendant of a second count of assault and battery against a third person.

the judge did not do so sua sponte.  Although he did not raise any challenge to the voir dire in the trial court, on appeal, the defendant now contends that by failing to ask all the jurors seated on the case about the impact of the racial difference between the defendant and the victim, the judge committed structural error that requires reversal of his convictions.  We do not agree that the judge abused his discretion in conducting the voir dire as he did.  Accordingly, we affirm.

Background.  The defendant and the victim had separate tents within the same homeless encampment.  Upon occasion, the victim permitted the defendant to stay in her tent because the defendant's tent was "older, wet and moldy."  At one point, the victim needed surgery and was away from the tent for approximately two weeks.  When the victim returned, she found that the defendant had moved his belongings into her tent, and she removed them.  On the following day, the victim was asked to leave by a security guard.  As the victim was packing up and dismantling the tent, the defendant arrived.  He immediately became agitated and said, "Don't take my tent."  An argument ensued during which the defendant struck the victim and strangled her.  Through argument and cross examination, the defendant asserted that the tent had been abandoned and that he was protecting his property when the altercation occurred.  There is no suggestion that race played a role in either party's

theory of the case, and initially, neither defense counsel nor the prosecutor asked the trial judge to inquire about race as part of the jury voir dire.

However, after five jurors had been seated,[2] defense counsel raised a concern about race. The issue arose during the individual voir dire of juror no. 23 at sidebar. Almost immediately, juror no. 23 expressed his distrust of the police and his resulting concern about his ability to serve as an impartial juror in the defendant's case. Juror no. 23 explained that his reservations related to both his own past drug conviction and an incident in which the police "beat up on" him and his brother before wrongly arresting them. The juror stepped back while the judge and counsel discussed his answer. The judge made what he termed an "editorial comment" expressing concern and regret that experiences like those described by juror no. 23 had "poisoned [the] well" for some jurors, and counsel agreed that the juror should be excused for cause. In the same conversation, defense counsel commented that "we do have an interracial assault here, so I'm a little nervous that

---

[2] Several other prospective jurors had been excused either for cause or based on peremptory challenges that are not at issue in this appeal.

3

that might affect [juror no. 23's] thinking, too."[3]  After this

conversation, the judge excused juror no. 23 for cause.[4]

Before questioning the next prospective juror, the judge

asked whether the parties had additional questions for the

remainder of the venire.  Defense counsel noted that although he

had not moved in limine for individual voir dire on racial bias

because there were "[no] racial overtones" to the incident and

the crimes alleged were based on non-sexual assault, he had

changed his mind; defense counsel asked that the judge "bring it

up [to the prospective jurors] that there is a black woman and a

white man accused of a crime."  The judge agreed to do so,

framing the voir dire question as, "the defendant in this case

is white and one of the alleged victims is African-American.[5]

Can you fairly and impartially decide this case without regard

to the race or color of these individuals?"  Both counsel agreed

with the inclusion of that question in the ongoing voir dire,

---

[3] The record does not reflect juror no. 23's race or ethnicity, but we infer that he was not white.

[4] The judge clearly explained that his decision was not based on the juror's description of his own negative experience with the police:  "I'm not excusing you because you had that experience . . . it's valuable for somebody who's had that experience to be involved in cases, but the fact that you say you might be uncomfortable here, that's . . . why I'm going to excuse you." See Commonwealth v. Williams, 481 Mass. 443, 452 (2019) ("a judge should not require a prospective juror to disregard his or her life experiences and resulting beliefs in order to serve").

[5] We infer from the record that the second alleged victim was white.

4

and the judge asked that question of each of the remaining jurors until a jury was seated.[6] Defense counsel did not ask the judge to put the new question to the five jurors who had been seated before the voir dire of juror no. 23, and the judge did not do so sua sponte.

Discussion. 1. Standard of review. Generally, both the decision to conduct individual voir dire and the scope of the questions put to the prospective jurors rests within "the sound discretion of the trial judge." Commonwealth v. Espinal, 482 Mass. 190, 195 (2019). See Commonwealth v. Colon, 482 Mass. 162, 182 n.17 (2019). We uphold the judge's rulings on those issues absent a clear showing of abuse of discretion. See Espinal, supra, at 197-198. Where, as here, the defendant's challenge on appeal was not preserved, to the extent we discern an abuse of discretion, our review is for a substantial risk of a miscarriage of justice.[7] See Commonwealth v. Heywood, 484 Mass. 43, 45 (2020).

---

[6] None of the prospective jurors who were asked answered that their impartiality would be affected by the race or color of the defendant or the victim.

[7] The defendant contends that the judge's failure to put the racial voir dire question to the five jurors seated before the defendant made his request for that question amounted to structural error. As we explain, infra, we are not persuaded that the judge abused his discretion in this regard. Even were we to decide otherwise, however, by failing to preserve the issue in the trial court, the defendant waived the structural error argument. See Commonwealth v. Heywood, 484 Mass. 43, 45 (2020), quoting Commonwealth v. McCoy, 456 Mass. 838, 842 (2010)

5

2.  Judge's obligation.  The defendant's contention that individual voir dire regarding race and ethnicity is required "whenever the victim and defendant are of different races or ethnicities" is not correct.  "Unless 'there exists a substantial risk of extraneous issues that might influence the jury,' the judge is not required to ask any questions beyond those required by G. L. c. 234A, § 67A."[8]  Commonwealth v. Robertson, 480 Mass. 383, 389 (2018), quoting Commonwealth v. Lao, 443 Mass. 770, 777 (2005).  In the circumstances of this case, there was no such risk, and the judge was not obligated to ask any questions about race or ethnicity as part of the jury voir dire.

While such inquiry is required where a defendant is tried for interracial rape, interracial murder, or an interracial sexual offense against a child, see Espinal, 482 Mass. at 196; Colon, 482 Mass. at 182, that rule has not been extended to

("[w]here a defendant fails to challenge a juror for cause, the questions of the impartiality of that juror and the adequacy of voir dire are waived").

[8] Chapter 234A, § 67A, provides in relevant part:

"if it appears [to the judge] that, as a result of the impact of considerations which may cause a decision to be made in whole or in part upon issues extraneous to the case, including, but not limited to, . . . preconceived opinions toward the credibility of certain classes of persons, the juror may not stand indifferent, the court shall . . . examine the juror specifically with respect to such considerations."

6

apply to the offenses for which the defendant was indicted in this case, and we decline to apply it here.  See Robertson, 480 Mass. at 389.

The defendant has failed otherwise to explain how he met his burden of "show[ing] that there [was] some basis for finding that a substantial risk of extraneous influences on the jury exist[ed], . . . and that there [was] a substantial risk that jurors would be influenced by such considerations" (citations omitted).  Commonwealth v. Mason, 485 Mass. 520, 523-524 (2020). Here, defense counsel's request for voir dire on the issue of race was triggered by juror no. 23's account of his experiences with the police[9]; juror no. 23 did not specifically identify any racial component to the incident he described and defense counsel otherwise disclaimed race as a factor in the defendant's case.  Further, nothing in the judge's response or related comments indicated that the judge had a concern about the impact of the racial disparity in the defendant's case on the jury's impartiality.  Put another way, it is evident that defense counsel made his request for the additional voir dire question out of an abundance of caution, and that the judge simply acquiesced to the defense counsel's request.  Because nothing in

---

[9] The defendant does not suggest that he had any concerns about the impartiality of the five jurors already seated before the judge began asking the race-based voir dire questions, at least on the basis of race.

the record suggests that the judge harbored doubts during empanelment about the prospective jurors' impartiality on the basis of race here -- in other words, where it did not "appear[] that" any juror was swayed by the racial disparity between the defendant and the victim -- we are unpersuaded by the defendant's argument that the judge was obligated to ask any voir dire questions based on the fact that the defendant and one victim were of different races.[10]  See Commonwealth v. Williams, 481 Mass. 443, 447 (2019).

The defendant's challenge to the judge's failure to ask the same voir dire question of the first five jurors seated that he asked of the remaining jurors questioned at sidebar rests on the unwarranted presumption that the judge was required to ask the race-based question in the first place.  Given our conclusion that the judge was not required to ask that question at all, the defendant has not persuaded us that the judge abused his discretion by failing to recall the first five jurors on his own initiative and to put the same question to them.  Where we discern no abuse of discretion in the judge's voir dire of the jury we need not and do not reach the question whether the

---

[10] In his brief, the defendant also relies on G. L. c. 234, § 28. That statute has been repealed.

8

conduct of the voir dire resulted in a substantial risk of a miscarriage of justice.  See Heywood, 484 Mass. at 45.

Judgments affirmed.

By the Court (Vuono, Milkey &
 Hand, JJ.[11]),

Assistant Clerk

Entered:  January 8, 2024.

---

[11] The panelists are listed in order of seniority.